UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPYRA GmbH,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>    Defendants. | Case No.: 22-CV-5727 |

**PLAINTIFF'S MOTION TO SEAL**

Plaintiff SPYRA GmbH ("Plaintiff") respectfully submits this application to file under seal the following documents associated with the above-referenced action until the hearing on Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1) Plaintiff's Schedule A attached to the Complaint, which identifies and includes a list of Defendants' Seller Names and Defendant Domain Names and/or the Online Marketplace Accounts (the "Defendant Internet Stores"), and

(2) Exhibit 2 to the Declaration of Sebastian Walter ("Walter Declaration"), which contains screenshot printouts showing the active Defendant Internet Stores.

Plaintiff has filed its public-record version of the documents redacted and concurrently herewith has provisionally filed the documents electronically under seal.

In this action, Plaintiff is requesting this *ex parte* relief based on claims of copyright

1

infringement. Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the execution of a temporary restraining order ("TRO"). As set for in greater detail in the Complaint and in the Walter Declaration, both of which are incorporated herein by reference for the sake of brevity, if Defendants were to learn of these proceedings prematurely the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once a TRO has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal this document. Sealing such documents is consistent with the treatment of such materials in cases like this one that have previously been before the court. *See, e.g., Wowwee Group Ltd. et al v. Meirly, et al,* No. 1:18-cv-00706, Document No. 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Marketing v. _GB Housewear Store et al.*, No. 1:17-cv-07596, Document No. 22 (S.D.N.Y. Oct. 12, 2017) (same); *Spin Master Ltd. & Spin Master, Inc. v. Alan Yuan's Store et al.*, No. 1:17-cv-07422, Document No. 19 (S.D.N.Y. Oct. 13, 2017) (same); *Kipling Apparel Corp. et al v. Rhys, et al.*, No. 16-cv-990, Document No. 14 (S.D.N.Y. Feb. 17, 2016) (same).

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff leave to file its Schedule A attached to the Complaint and Exhibit 2 to the Declaration of Sebastian Walter under seal.

Dated: July 6, 2022

Respectfully submitted,

COLE SCHOTZ P.C.

By: /s/ *Michael R. Yellin*
    Michael R. Yellin
    1325 Avenue of the Americas
    19th Floor
    New York, New York 10017
    (201) 525-6258
    myellin@coleschotz.com

    -and-

    THOITS LAW
    Nathan Monroe-Yavneh
    400 Main Street, Suite 250
    Los Altos, CA 94022
    (650) 327-4200
    nmonroeyavneh@thoits.com

    *Attorneys for Plaintiff Spyra GmbH*

Application granted. The Court will revisit the issue of sealing these materials after it rules on Plaintiff's application for an order to show cause with emergency relief.

SO ORDERED.

_____
Hon. Ronnie Abrams
July 7, 2022