UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPYRA GmbH, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No.: 22-CV-5727 (RA) |

### ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

The Court having considered Plaintiff's *ex parte* application (the "Application"), including the Declarations of Sebastian Walter and Michael Yellin, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against defendants (as described in **Schedule A** attached to the Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of counterfeit products (the "Counterfeit Products") bearing, using, or infringing upon Plaintiff's SPYRA copyright, covered by at least U.S. Copyright Office Registration No. VA 2-277-357 (the "SPYRA Copyright");

(2) a temporary transfer of control over Defendants' online marketplace websites (hereinafter the "Defendant Internet Stores," as also identified on Schedule A to the Complaint, which shall also be attached hereto), to Plaintiff;

(3) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiffs' right to an equitable accounting;

(4) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Counterfeit Products, as well as of Defendants' financial accounts;

(5) permission to effectuate service by electronic mail and electronic publication; and

1

(6) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support to the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## **FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Plaintiff is likely to prevail on its copyright infringement, false designation of origin, and unfair competition claims at trial.

2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted. For example:

   a. Defendants have offered for the sale substandard and unauthorized Counterfeit Products bearing, using, or infringing on the SPYRA Copyright through storefronts and accounts with online marketplace platforms including without limitation Alibaba.com ("Alibaba"); AliExpress.com ("AliExpress"), Amazon.com ("Amazon"), Joom.com ("Joom"), eBay.com ("eBay"), Newegg.com ("Newegg"), Made-in-China.com ("Made-in-China") held by Defendants (the "User Account(s)").

   b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and good will related to products properly bearing, using, and sold utilizing the SPYRA Copyright (the "SPYRA Products").

      c.   Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Counterfeit Products and information concerning the Counterfeit Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Counterfeit Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Counterfeit Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3.      On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with the SPYRA Copyright if a temporary restraining order is not issued.

4.      The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in and to the Plaintiff's copyright, and to protect the public from being deceived and defrauded by Defendants' passing off their Counterfeit Products as Plaintiff's SPYRA Products.

5.      Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

6.      If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset

restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

7. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Counterfeit Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

### Temporary Restraints

1. As sufficient causes has been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

   a. Using the SPYRA Copyright or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any Counterfeit Products;

   b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine SPYRA Product that is not, in fact, Plaintiff's SPYRA

        Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the SPYRA Copyright;

c.        Committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.        Further infringing the SPYRA Copyright and damaging Plaintiff's goodwill;

e.        Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear(s) the SPYRA Copyright or any reproductions, counterfeit copies, or colorable imitations thereof;

f.        Using, linking to, transferring, selling, exercising control over, or otherwise owning the User Accounts, the Defendant Internet Stores, or any other domain name or online market place account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products; and

g.        Operating and/or hosting websites and/or any other web presence registered or operated by Defendants that are involved with the

5

distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the SPYRA Copyright.

**Temporary Transfer of Defendant Internet Stores**

2. Within five (5) days of receipt of this Order, Alibaba, AliExpress, Amazon, eBay, Joom, Newegg, Made-in-China, and any other online marketplace platform or service provider hosting or servicing a User Account are directed to:

**Plaintiff shall provide specific support for these applications in advance of the preliminary injunction hearing.**

**To the extent Plaintiff is seeking an order transferring control of Defendants' domain names and/or online storefronts to Plaintiff's control, it shall provide further support for the necessity of such relief in advance of the preliminary injunction hearing, in light of the fact that the Court is authorizing a restraint of Defendants' assets.**

a. disable and cease providing services for any User Accounts through which Defendants engage in the sale of Counterfeit Products, including any User Accounts associated with the Defendants listed on Schedule A to the Complaint (which is also attached hereto);

b. ~~disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products; and~~

c. ~~take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.~~

**Temporary Asset Restraint**

3. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. § 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt service of this Order, that (i) Contextlogic, Inc. ("Wish"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) the Alibaba Group d/b/a Alibaba.com and Aliexpress.com ("Alibaba"), (v) Amazon Payment Systems, Inc.

6

and Amazon.com, Inc. ("Amazon"), (vi) Ping Pong Global Solutions, Inc. ("Ping Pong"), (vii) eBay, Inc. ("eBay"), (viii) Coinbase Global, Inc. ("Coinbase"), (ix) LianLian Global t/as LL Pay U.S., LLC ("LianLian"), (x) AllPay Limited ("AllPay"), (xi) Union Mobile Financial Technology Co., Ltd ("Union Mobile"), (xii) World First UK Ltd. ("World First"), (xiii) Paxful, Inc. ("Paxful"), (xiv) and other payment processing service providers, including any online marketplace platform (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff's counsel.

**Expedited Discovery**

4.       As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions, including Alibaba, AliExpress, Amazon, eBay, Joom, Newegg, and Made-in-China, in their capacities as online marketplace platforms, any other online marketplace platform or service provider hosting or servicing a User Account, shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

      a.       Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail

        b.    addresses and mailing addresses), as well as all associated account numbers and account balances regardless of the platform or institution.

        b.    Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

        c.    Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

        d.    The nature of Defendants' operations and all associated sales and financial information including, without limitation, identifying information associated with the Defendant Internet Stores, and Defendants' financial accounts, as well as a full accounting of Defendants' sales and listing history related to their respective Defendant Internet Stores.

### Service by Electronic Mail and/or Electronic Publication

5.    Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

        a.    Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application (the

"Link") to Defendants' e-mail addresses as provided by the Financial Institutions, **and**

b. Requesting that the Financial Institutions cause Defendants' online marketplace website(s) to redirect to the Link.

6. Such alternative service, as set forth above, shall be made within five (5) days of the Financial Institutions' compliance with Paragraphs 3 and 4 of this Order.

7. The Clerk of Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants.

### Security Bond

8. Plaintiff shall deposit with the Court Five Thousand Dollars ($5,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

### Sealing Order

9. Schedule A to the Complaint and Exhibit 2 to the Declaration of Sebastian Walter shall be sealed and remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

10. Plaintiff shall file unsealed versions of Schedule A to the Complaint and Exhibit 2 to the Declaration of Sebastian Walter using the CM/ECF system prior to the expiration of this Order.

### Application to Vacate or Dissolve

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on July 25, 2022 at 11:00 a.m., at which Plaintiffs may present their arguments in support of their request for issuance of a preliminary injunction. At such time, any Defendants may also be heard as to opposition to Plaintiffs' Application. The hearing will be held telephonically. The parties shall use the following dial-in information to call into the hearing: Call-in Number: (888) 363-4749; Access Code: 1015508. This line is open to the public.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel or before July 21, 2022, at 5:00 p.m.

**IT IS FURTHER ORDERED** that Defendants are hereby given notice that failure to appear at the show cause hearing may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

This Temporary Restraining Order without notice is entered at 4:00 p.m. on July 14, 2022, and shall remain in effect for fourteen (14) days.

_____
Hon. Ronnie Abrams
United States District Judge