# THOITS LAW
A Professional Corporation

400 Main Street, Suite 250
Los Altos, California 94022
TEL  (650) 327-4200
FAX  (650) 325-5572
www.thoits.com

Nathan Monroe-Yavneh                                                         nmonroeyavneh@thoits.com

July 20, 2022

<u>Via ECF Only</u>

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 1506
New York, NY 10007

      Re:    *SPYRA, GmbH v. The Individuals, Corporations, et al.*,
              Case No. 1:22-cv-5727-RA

Dear Judge Abrams:

      We represent plaintiff SPYRA, GmbH ("Plaintiff") in the above-referenced matter. On July 14, 2022, the Court entered an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (the "<u>Order</u>") granting Plaintiffs' ex parte application for temporary restraints and scheduling a telephonic hearing for July 25, 2022 on Plaintiffs' request for the issuance of a preliminary injunction.

      We write to inform the Court to request respectfully:

      1.    An eighteen (18) day extension of Defendants' deadline to file opposing papers to Plaintiff's request for the issuance of a preliminary injunction, from July 21, 2022, to August 4, 2022;

      2.    An eighteen (18) day adjournment of the preliminary injunction hearing, from July 25, 2022, to August 12, 2022; and

      3.    An extension of the restraints imposed by the Order until the new hearing date pursuant to Rule 65(b)(2).

      As explained in more detail below, pursuant to the Order Plaintiffs have sought but not yet received from the marketplace platforms confirmation that the asset restraint is complete and identifying information for Defendants.

      This will be the first extension and adjournment of these dates. No defendant has appeared in this matter.

**Extension of Deadline and Adjournment of Hearing Date**

As noted in our application that lead to the Order, Defendants in this case are actively marketing and selling products that infringe upon Plaintiff's intellectual property rights. Defendants are made up of persons and entities that hide their true identities behind various usernames, through which they sell infringing products using internet storefronts and online marketplace platforms such as Alibaba, AliExpress, Amazon, Joom, eBay, Newegg and Made-in-China. As a result, and to protect Plaintiff's rights, the Court authorized service of the Summons, Complaint, and Order by electronic mail within five (5) days *after* the online marketplace platforms' and other service providers' compliance with the temporary asset restraint provisions of the Order. See Order, ¶¶ 5-7.

Delaying service until after the temporary asset restraint is in effect is critical to maintain the confidentiality of this proceeding until Defendants' accounts are frozen, thereby avoiding Defendants' improper transfer and/or destruction of ill-gotten proceeds and other relevant information. Indeed, as detailed in our initial application, and as accepted by the Court in the Order, "if Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds," and are also "likely to destroy, move, hide, or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, distributing, offering for sale, and/or sale of the Counterfeit Products." See Order, pp. 3-4. At the same time, Plaintiff recognizes that service of the Complaint and Order is essential to ensuring that Defendants have access to the full record before the preliminary injunction hearing. In that regard, the Order also directed the third-party service providers to provide information concerning Defendants to Plaintiff, including contact information, to enable Plaintiff to effectuate service of the documents in this case. See e.g., Order, ¶ 4.

Plaintiff served the online marketplace platforms with the Order on the day it was issued, July 14, 2022. Plaintiff served the domain name registrars for Defendants operating their own internet storefront websites the next morning, on July 15, 2022. To date, however, not all of the online marketplaces, domain name registrars, or other service providers have (i) confirmed that the asset restraint is complete, or (ii) provided contact information for Defendants sufficient to complete e-mail service. In particular, AliExpress has previously informed Plaintiff's counsel that its normal processing time for a temporary restraining order is at least 14 days, so Plaintiff cannot reasonably expect that AliExpress will comply with the requirements of the Order before July 28, 2022, if not later.

Thus, to ensure Defendants can review and respond to Plaintiff filings in a timely manner, while at the same time preserving the confidentiality of these proceedings until such time as the asset freeze occurs, we respectfully request the Court extend Defendants' deadline to respond to the Order from July 21, 2022, to August 4, 2022, and adjourn the preliminary injunction hearing from July 25, 2022, to August 12, 2022.

**Extension of Temporary Restraint**

The Temporary Restraining Order is currently set to expire on Thursday, July 28, 2022. See Order, p. 10. If the temporary restraints dissolve before Plaintiff can be heard on its preliminary injunction application, there is a substantial risk (as detailed in the moving papers) that Defendants (who will by then be on notice of these proceedings) will hide their assets and other relevant information before preliminary restraints can be imposed.

We respectfully submit that the foregoing constitutes "good cause" under Rule 65(b)(2) to extend the temporary restraints for a short period of time. Thus, to ensure that the relief provided in the Order is not rendered moot, and to protect Plaintiff's rights pending the return date of the Order, we respectfully request that the Court continue the relief set forth in the Order until after the adjourned hearing date on Plaintiff's preliminary injunction application.

Defendants will not be unduly prejudiced by this request. In the first instance, Defendants have no right to engage in the infringing activity at issue. Moreover, we are requesting an adjournment of the hearing of only eighteen (18) days, giving Defendants the ability to quickly seek relief if they are so entitled.

We would be happy to provide more information or to make ourselves available to discuss this matter further if necessary. We thank the Court for its time and attention to this matter.

Very truly yours,

THOITS LAW

/s/ Nathan Monroe-Yavneh
Nathan Monroe-Yavneh