# THOITS LAW
A Professional Corporation

400 Main Street, Suite 250
Los Altos, California 94022
TEL (650) 327-4200
FAX (650) 325-5572
www.thoits.com

Nathan Monroe-Yavneh　　　　　　　　　　　　　　　　　　　nmonroeyavneh@thoits.com

August 3, 2022

<u>Via ECF Only</u>

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 1506
New York, NY 10007

　　　　Re:　　*SPYRA, GmbH v. The Individuals, Corporations, et al.*,
　　　　　　　　Case No. 1:22-cv-5727-RA

Dear Judge Abrams:

　　　　We represent plaintiff SPYRA, GmbH ("Plaintiff") in the above-referenced matter. On July 14, 2022, the Court entered the Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (the "Order"). [ECF No. 22].

　　　　We write to inform the Court to request respectfully:

　　　　1.　　A fourteen (14) day extension of Defendants' deadline to file opposing papers to Plaintiff's request for the issuance of a preliminary injunction, from August 4, 2022 to August 18, 2022;

　　　　2.　　A fourteen (14) day adjournment of the preliminary injunction hearing, from August 12, 2022 to August 26, 2022; and

　　　　3.　　An extension of the restraints imposed by the Order until the new hearing date pursuant to Rule 65(b)(2).

　　　　As explained in more detail below and in Plaintiff's July 20, 2022 letter, pursuant to the Order Plaintiff has sought but not yet received from the marketplace platforms confirmation that the asset restraint is complete and identifying information for Defendants that will allow Plaintiff to effect service on all Defendants.

　　　　This will be the second extension and adjournment of these dates. No defendant has appeared in this matter.

1

## Extension of Deadline and Adjournment of Hearing Date

On July 14, 2022, the Court entered the Order granting Plaintiff's ex parte application for temporary restraints and scheduling a hearing for July 25, 2022 on Plaintiff's request for the issuance of a preliminary injunction. On July 20, 2022, Plaintiff moved for an eighteen (18) day extension of Defendants' deadline to oppose Plaintiff's application for a preliminary injunction, an eighteen (18) day adjournment of the preliminary injunction hearing, and an extension of the restraints imposed by the Order until a new hearing date pursuant to Rule 65(b)(2). [ECF No. 23]. As explained in the July 20, 2022 letter motion, Plaintiff requested the extensions and adjournment because not all of the online marketplace platforms had confirmed that the asset restraint required by the Order had been completed or provided Plaintiff with Defendants' contact information sufficient to complete e-mail service authorized by the Order. [ECF No. 23 at 1].

On July 21, 2022, the Court granted Plaintiff's letter motion and extended the restraints imposed by the Order to August 12, 2022. [ECF No. 24]. It also extended the Defendants' deadline to oppose Plaintiff's application for a preliminary injunction to August 4. Id. To date, however, the marketplace platforms Alibaba, AliExpress, and Newegg still have not confirmed that the asset restraints required by the Order have been completed or provided Plaintiff with Defendants' contact information despite repeated inquiries by Plaintiff. The same is true for the domain name registrars for certain Defendants operating standalone storefront websites. As a result, Plaintiff currently cannot serve eighty-two (82) Defendants across the aforementioned platforms and websites with the Summons, Complaint, and Order. Thus, to ensure all Defendants can review and respond to Plaintiff's filings in a timely manner, Plaintiff requests the Court extend Defendants' deadline to respond to the Order to August 18, 2022, and adjourn the preliminary injunction hearing to August 26, 2022.

## Extension of Temporary Restraint

The Temporary Restraining Order is currently set to expire on August 12. [ECF No. 24 at 3] If the temporary restraints dissolve before Plaintiff can be heard on their preliminary injunction application, there is a substantial risk (as detailed in the moving papers) that Defendants (who will by then have notice of these proceedings) will hide their assets and other relevant information before preliminary restraints can be imposed. Thus, for the reasons articulated above and in Plaintiff's July 20, 2022 letter motion, we respectfully submit that there is "good cause" under Rule 65(b)(2) to extend the temporary restraints until after the adjourned hearing date on Plaintiff's preliminary injunction application.

We would be happy to provide more information or to make ourselves available to discuss this matter further if necessary. We thank the Court for its time and attention to this matter.

Very truly yours,

THOITS LAW

/s/ Nathan Monroe-Yavneh
Nathan Monroe-Yavneh