# THOITS LAW
A Professional Corporation

400 Main Street, Suite 250
Los Altos, California 94022
TEL (650) 327-4200
FAX (650) 325-5572
www.thoits.com

Nathan Monroe-Yavneh

nmonroeyavneh@thoits.com

August 8, 2022

<u>Via ECF Only</u>

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 1506
New York, NY 10007

    Re: *SPYRA, GmbH v. The Individuals, Corporations, et al.*,
         Case No. 1:22-cv-5727-RA

Dear Judge Abrams:

    We represent plaintiff SPYRA, GmbH ("Plaintiff") in the above-referenced matter. We write in response to the Court's August 4, 2022 Order regarding Plaintiff's second request for an adjournment of the preliminary injunction hearing and an extension of the restraints under the Temporary Restraining Order (the "<u>Order</u>"). [ECF No. 26].

    As explained in Plaintiff's prior submissions, including its July 20 and August 3, 2022 letter motions, this case concerns a group of Defendants that are actively marketing and selling products that infringe upon Plaintiff's intellectual property rights. Defendants are made up of persons and entities that hide their true identities behind various usernames through which they sell counterfeit products using internet storefronts and online marketplace platforms.

    As an initial matter, Plaintiff stands ready to proceed with the preliminary injunction hearing on Friday, August 12 as to the 49 Defendants listed in Exhibit A hereto (together, the "<u>Noticed Defendants</u>"). The Noticed Defendants are all of the Defendants for whom Plaintiff has so far received contact information and confirmation of compliance with the Order from the marketplace platforms and domain name registrars upon whom it served the Order. On August 5, 2022, pursuant to the alternative methods of service authorized in the Order, Plaintiff served the Noticed Defendants with copies of the Complaint, the Temporary Restraining Order, and the Court's order extending the same.

    With respect to the other 77 Defendants (the "<u>Non-Noticed Defendants</u>"), Plaintiff respectfully maintains that a short adjournment of the preliminary injunction hearing and extension of the restraints imposed by the Order is appropriate given the importance of delaying service of the Order until after temporary asset restraints are imposed and the

1

impossibility of effecting service on the Non-Noticed Defendants until third party marketplace platforms and domain name registrars comply with the Order.

As explained more fully in Plaintiff's July 20, 2022 Letter Motion, delaying service on Defendants until after the Order's temporary asset restraint is in effect is critical to maintain the confidentiality of this proceeding until Defendants' accounts are frozen, thereby avoiding Defendants' improper transfer and/or destruction of the proceeds of their infringement. [ECF No. 23 at 2]. If the temporary restraints dissolve before Plaintiff can be heard on its preliminary injunction application, there is a substantial risk (as detailed in the moving papers) that Defendants (who will by then have notice of these proceedings) will hide their assets and other relevant information before preliminary restraints can be imposed.

Further, even if it were not critical to delay service until after the asset restraints are in place, it is currently not possible for Plaintiff to serve the Non-Noticed Defendants given that they operate behind online pseudonyms and have no public contact information. Without the expedited discovery required by the Order, Plaintiff has no reasonable method to obtain contact information for the Defendants. But as explained in Plaintiff's August 3, 2022 Letter Motion [ECF No. 25], a number of third parties have not yet complied with the terms of the Order despite repeated requests by Plaintiff, and therefore such third parties have not imposed the asset restraints or provided the expedited discovery of contact information required by the Order. Without that contact information, Plaintiff is simply unable to serve the Non-Noticed Defendants.

The majority of the Non-Noticed Defendants—53 Defendants—are those that operate storefronts on the Alibaba and AliExpress platforms. On August 6, Alibaba and AliExpress contacted Plaintiff's counsel to indicate that they had reviewed the Order, but did not yet confirm compliance. Plaintiff's counsel wrote back the same day and urged them to comply as soon as possible; in all, Plaintiff's counsel have contacted Alibaba and AliExpress about the Order at least six times. In Plaintiff's counsel's experience, Alibaba and AliExpress will not comply with the Order until approximately ten days after indicating that they have reviewed the Order, as they did on August 6. As such, it is highly likely that the restraints imposed by the Order will expire before Alibaba and AliExpress comply. Moreover, it will not be possible for Plaintiff to serve the Non-Noticed Defendants operating on Alibaba and AliExpress prior to the August 12, 2022 preliminary injunction hearing.

Plaintiff is mindful of the Second Circuit's guidance in *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 132 n.2 (2d Cir. 2014) that a temporary restraining order should be limited to twenty-eight days absent adverse party consent. Plaintiff respectfully submits that the circumstances of this case warrant a further extension, for two primary reasons:

First, because certain third parties, most notably Alibaba and AliExpress, have not confirmed compliance with the Order, it is highly likely that the restraints required by the Order have not, in fact, been imposed yet on the Non-Noticed Defendants. The Non-Noticed Defendants likely have and will continue to infringe Plaintiff's intellectual property and to

enjoy the proceeds of such infringement. In other words, there is a risk that the Order will expire before it can be applied to the Non-Noticed Defendants at all.

Second, as explained above, Plaintiff lacks contact information for the Non-Noticed Defendants, and therefore cannot seek adverse party consent. Because the Defendants in this case operate anonymously on internet storefronts, Plaintiff has no way to get in contact with the Non-Noticed Defendants until third parties like Alibaba and AliExpress comply with the Order by providing expedited discovery.

Courts in this District have extended temporary restraining orders beyond twenty-eight days when presented with analogous circumstances. *See Zuru (Singapore) PTE., Ltd. et al. v. The Individuals, et al.*, No. 1:22-cv-02483, ECF No. 40 (Schofield, J.) (granting Plaintiff's third request for extension of temporary restraining order, which was issued on April 4, 2022 and setting preliminary injunction hearing for May 11, 2022); *Zuru (Singapore) PTE., Ltd. et al. v. The Individuals, et al.*, No. 22-cv-5229, ECF No. 35 (Failla, J.) (granting Plaintiff's third request for extension of temporary restraining order, which was issued on June 22, 2022 and setting preliminary injunction hearing for August 9, 2022).

As noted above, with respect to the Noticed Defendants—*i.e.*, those Defendants for whom restraints have been imposed and for whom Plaintiff has obtained contact information—Plaintiff stands ready to proceed with the August 12 hearing. But despite Plaintiff's best efforts, delays by third parties have left Plaintiff unable to confirm that restraints have been imposed or to obtain contact information for the Non-Noticed Defendants. Thus, for the reasons articulated above and in Plaintiff's July 20 and August 3, 2022 letter motions, we respectfully submit that there is "good cause" under Rule 65(b)(2) to extend the temporary restraints (at least as to the Non-Noticed Defendants) until after the adjourned hearing date on Plaintiff's preliminary injunction application.

We would be happy to provide more information or to make ourselves available to discuss this matter further if necessary. We thank the Court for its time and attention to this matter.

Very truly yours,

THOITS LAW

/s/ Nathan Monroe-Yavneh
Nathan Monroe-Yavneh

The Court will proceed with the hearing scheduled for August 12, 2022.  Plaintiff is reminded that it must serve a summons on the Noticed Defendants, in addition to the complaint and TRO, in order to have properly effectuated service.  According to the docket, Plaintiff never requested an issuance of summons following the Court's July 14, 2022 order that permitted the Clerk of Court to issue a single original summons in this case.  Plaintiff should file a request for issuance of summons as soon as possible in order to have timely served all the required papers on the Noticed Defendants.  Plaintiff must file proof of service on the docket in advance of the hearing.
SO ORDERED.

_____
Hon. Ronnie Abrams
August 10, 2022

3

| Exhibit A – List of Noticed Defendants ||
|---|---|
| **Defendant No.** | **Defendant Name** |
| 54 | crystalhouse us |
| 55 | GBBDD |
| 56 | GBYX |
| 57 | hap piness shop |
| 58 | hjkjyiugfhfjhfkj |
| 59 | INNO Electronics |
| 60 | jindian889 |
| 61 | Life Shop 21 |
| 62 | Made in China department stores |
| 63 | Odice-US |
| 64 | SIXEFF |
| 65 | TIANMAI-US |
| 66 | 安馨 |
| 68 | LLYGE STORE |
| 69 | Cozexs |
| 70 | SZRX0BD2 |
| 71 | golkatakora8 |
| 72 | Newtaller-8 |
| 73 | Temporarypay8 |
| 74 | whenmeet |
| 75 | whosesounds |
| 76 | whyexpress |
| 77 | win-win-sl |
| 79 | folary.com |
| 80 | Megior Store |
| 81 | WATERAREA |
| 84 | gearelevation |
| 85 | GRAIL-KING |
| 86 | Syg Global Technology CO., LTD |
| 87 | Goodraps |
| 92 | HYDGUN |
| 93 | Menkay Store |
| 94 | VIKARUMENT |
| 95 | Malina Store |
| 96 | DesignNest Amsterdam |
| 101 | FSDA Store |
| 103 | peekwise |

| Exhibit A – List of Noticed Defendants ||
| Defendant No. | Defendant Name |
|---|---|
| 104 | Multiple Store |
| 105 | QIANSHENGTC |
| 109 | Seasonhots |
| 113 | Stit Toystore |
| 116 | SPOTLTWM |
| 118 | QuanRun Store |
| 119 | verifiedtrending.com |
| 120 | TBMXM STORE |
| 121 | Visitous |
| 122 | IGUISI |
| 123 | Zone Spray |
| 126 | YueShangSian |